```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                           Cause No. 1:16CR134 SNLJ

MICHAEL A. MCNAIR, SR.,

      Defendant.
================================================================
                     CHANGE OF PLEA HEARING

          BEFORE THE HONORABLE STEPHEN N. LIMBAUGH, JR.
                   UNITED STATES DISTRICT JUDGE

                         FEBRUARY 13, 2018
================================================================

                            APPEARANCES

For Plaintiff:

Mr. Paul W. Hahn
Assistant United States Attorney
555 Independence, Room 3000
Cape Girardeau MO 63703


For Defendant:

Mr. Stephen C. Wilson
Stephen C.  Wilson and Associates
2907 Independence, Suite C
P.O. Box 512
Cape Girardeau MO 63702-0512


                          Reported by:

         Alison M. Garagnani, CCR #475, CSR, RMR, CRR
                      Official Court Reporter
                   United States District Court
                   555 Independence, Room 3100
                     Cape Girardeau, MO 63703
                         (573) 331-8832
```

```
 1                  (THE PROCEEDINGS BEGAN AT 2:13 P.M.)
 2      (THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT AND WITH
 3      THE DEFENDANT PRESENT:)
 4                  THE COURT:  The next case is the United States of
 5      America versus Michael McNair, Senior.  The Case Number is
 6      16-CR-134.
 7                  The Government is present by Assistant United
 8      States Attorney Paul Hahn.
 9                  The Defendant is present by counsel Steve Wilson.
10                  Are you Michael A. McNair, Senior?
11                  THE DEFENDANT:  Yes.
12                  THE COURT:  Is there an announcement then?
13                  MR. WILSON:  Yes, Judge.  Mr. McNair is going to
14      withdraw his previously entered pleas of not guilty and will
15      be entering a plea of guilty to a single count, which is
16      denominated as --
17                  THE COURT:  Count 1?
18                  MR. HAHN:  Count 1, yes, sir.
19                  MR. WILSON:  -- Count 1 today.
20                  THE COURT:  Do you wish to plead guilty this
21      afternoon?
22                  THE DEFENDANT:  Yes, sir.
23                  THE COURT:  In that case I'll ask you a number of
24      questions about your willingness and desire to enter your
25      plea.  So if at any time you don't understand my questions,
```

```
 1   just let me know that, and I'll explain the questions
 2   further; okay?
 3            THE DEFENDANT:  Uh-huh.
 4            THE COURT:  You need to make verbal responses too;
 5   okay?
 6            THE DEFENDANT:  Yes.
 7            THE COURT:  First be sworn in by the Court clerk.
 8                    MICHAEL A. MCNAIR, SENIOR,
 9   being produced and sworn, testified as follows:
10            THE COURT:  Now that you've been sworn on your oath
11   you understand that your answers to my questions are subject
12   to the penalties of perjury if you do not answer truthfully.
13   Do you understand?
14            THE DEFENDANT:  Yes.
15            THE COURT:  How old are you?
16            THE DEFENDANT:  55.
17            THE COURT:  How much education do you have?
18            THE DEFENDANT:  14.
19            THE COURT:  So you can read and write then?
20            THE DEFENDANT:  Yes.
21            THE COURT:  Do you have a GED and college or what?
22            THE DEFENDANT:  I have two years of college.
23            THE COURT:  Two years of college.  Okay.  Are you
24   in good health today?
25            THE DEFENDANT:  I'm disabled.
```

1  THE COURT: Okay. Well, I want to go into that
2  then.
3  THE DEFENDANT: Yes.
4  THE COURT: Have you had any drugs, medication or
5  alcohol in the last 24 hours?
6  THE DEFENDANT: No.
7  THE COURT: Okay. Well, do you have any kinds of
8  illnesses, injuries, infirmities of any kind that require a
9  physician, a psychiatrist or any other kind of doctor? I
10 take it that your answer is yes because you're disabled; is
11 that right?
12 THE DEFENDANT: Yes.
13 THE COURT: What's the disability here, or
14 multiple, or what?
15 THE DEFENDANT: I got plates in my head. I got
16 steel plates here and steel plates there for my brain injury.
17 THE COURT: Okay. And what was that the result
18 of?
19 THE DEFENDANT: I got assaulted and hit with
20 hammers and smashed my brain and clipped me on the side.
21 THE COURT: And that was quite a while ago?
22 THE DEFENDANT: '97.
23 THE COURT: Yeah, okay. So you've been disabled
24 since that time?
25 THE DEFENDANT: Yes.

```
1              THE COURT:  Now, you don't have any trouble with
2    your memory, do you?
3              THE DEFENDANT:  I just got sometimes I have memory
4    loss, you know what I'm saying, short time memory loss.
5              THE COURT:  But you don't have any kind of mental
6    illness, or anything like that, do you?
7              THE DEFENDANT:  Just seizures and that.
8              THE COURT:  Okay.  But the reason I'm asking these
9    questions is I have to make sure that there's nothing about
10   your mental or physical health that is in any way affecting
11   your decision to enter this plea of guilty.  Do you see what
12   I mean?
13             THE DEFENDANT:  Yes, sir.
14             THE COURT:  So can you assure me that there's
15   nothing about your disability and your physical or mental
16   health that is in any way affecting your decision; is that
17   right?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  Okay.  So that's -- your physical and
20   mental problems are completely independent then of your
21   decision; is that right?
22             THE DEFENDANT:  Yes.
23             THE COURT:  And I do want to go into this a little
24   bit further.  Mr. Wilson, can you elaborate on this about
25   his physical condition?  First, I want to make sure that
```

1  you're getting the medications that you need because of your
2  disability and that kind of thing.  Have you been getting
3  the medicine?
4          THE DEFENDANT:  I didn't take them this morning
5  because I was coming here.
6          THE COURT:  Okay.  But since you've been
7  incarcerated you have been getting the medications?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Okay.  And you've been taking those
10 regularly?
11         THE DEFENDANT:  Yes.
12         THE COURT:  And they've been working properly too?
13         THE DEFENDANT:  Yes.
14         THE COURT:  Now, you say you didn't have your
15 medicine this morning, but is that -- are you feeling fine?
16         THE DEFENDANT:  Yeah.  I didn't take them because
17 I wanted to be not able to -- I wanted to be able to relate.
18         THE COURT:  So they affect you in -- I don't know.
19 Mr. Wilson, do you want to elaborate?
20         MR. WILSON:  Judge, all I can say is I've met with
21 Michael McNair multiple times throughout my representation
22 and as most recently as this past Sunday for a little over an
23 hour up in the jail up in Ste. Genevieve and this morning
24 briefly some -- or, excuse me, this afternoon.
25         I think he is competent and understands what he's

doing.  I don't believe his disability impedes his ability to understand the nature of the proceedings.  Is that fair?

THE DEFENDANT:  Yes.

THE COURT:  And you don't have any question about his competency at all then; right?

MR. WILSON:  No, Judge, I don't.

THE COURT:  And the disability you have, it doesn't affect your ability to reason, or anything like that, does it?

THE DEFENDANT:  No, sir.

THE COURT:  It's just some short term memory loss, that kind of thing?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Let me ask you this.  Now, I'm a little concerned that you didn't take your medications this morning, but is that helping or hurting, or do you feel fine now or not?

THE DEFENDANT:  Yes, I feel fine.

THE COURT:  So I take it that your mind is clear, you're feeling well, and you're ready to proceed; is that right?

THE DEFENDANT:  Yes.

THE COURT:  All right.  I just want to make sure.

Okay.  So because this is a criminal case you're entitled to effective representation from a lawyer at each

```
1    stage of the proceedings against you.  Do you understand?
2            THE DEFENDANT:  Yes.
3            THE COURT:  With that in mind I'll ask you are you
4    satisfied with the way your lawyer has handled your case?
5            THE DEFENDANT:  Yes.
6            THE COURT:  Has he investigated the case to your
7    satisfaction?
8            THE DEFENDANT:  Yes.
9            THE COURT:  Has he done everything you've asked him
10   to do then?
11           THE DEFENDANT:  Yes.
12           THE COURT:  No gripes or complaints whatsoever?
13           THE DEFENDANT:  No, sir.
14           THE COURT:  By pleading guilty you're giving up
15   your right to a trial by jury.  Are you sure that's what you
16   want to do?
17           THE DEFENDANT:  Yes.
18           THE COURT:  If we were to have a trial, you would
19   be presumed innocent, the Government would have to prove you
20   guilty beyond a reasonable doubt, and you would not have to
21   prove your own innocence.  Do you understand?
22           THE DEFENDANT:  Yes.
23           THE COURT:  And if we were to have a trial, the
24   Government would have to bring its witnesses in to court to
25   testify in your presence, and your lawyer would be allowed to
```

1  cross-examine those witnesses.  And then, of course, you
2  could take the witness stand yourself and testify and tell
3  your side of the story, and you could call witnesses on your
4  own behalf.  You know all that too, don't you?
5  　　　　　　THE DEFENDANT:  Yes.
6  　　　　　　THE COURT:  And if we were to have a trial and you
7  decided not to testify, no one could force you or make you to
8  testify against yourself.  If you decided not to testify, the
9  jury would not be allowed to hold it against you that you
10 decided not to testify.  Do you understand all that too?
11 　　　　　　THE DEFENDANT:  Yes.
12 　　　　　　THE COURT:  So let me ask you again, with all that
13 in mind are you sure you want to give up your right to have a
14 jury trial by pleading guilty?
15 　　　　　　THE DEFENDANT:  Yes.
16 　　　　　　THE COURT:  Has anyone forced you, coerced you or
17 threatened you in any manner to get you to plead guilty?
18 　　　　　　THE DEFENDANT:  No, sir.
19 　　　　　　THE COURT:  The lawyers have given me this written
20 guilty plea agreement consisting of 12 pages.  I see that you
21 and the lawyers have signed it on page 12; is that right?
22 　　　　　　THE DEFENDANT:  Yes.
23 　　　　　　THE COURT:  Have you read the agreement?
24 　　　　　　THE DEFENDANT:  Yes.
25 　　　　　　THE COURT:  Have you gone over it in detail with

```
 1   your lawyer?
 2           THE DEFENDANT:  Yes, on Sunday.
 3           THE COURT:  What's that?  On Sunday?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  And has he explained the contents of
 6   the agreement in detail to you?
 7           THE DEFENDANT:  Yes.
 8           THE COURT:  And do you understand the contents of
 9   the agreement?
10           THE DEFENDANT:  Yes.
11           THE COURT:  Is there anything in here that you do
12   not understand?
13           THE DEFENDANT:  No.
14           THE COURT:  Have any promises been made by anyone
15   to get you to plead guilty other than the promises set out in
16   this agreement?
17           THE DEFENDANT:  No.
18           THE COURT:  So this is the complete and full and
19   total agreement; right?
20           THE DEFENDANT:  Yes.
21           THE COURT:  You understand too if I accept the
22   agreement, you will not be allowed to withdraw your plea of
23   guilty; okay?
24           THE DEFENDANT:  Yes.
25           THE COURT:  I'll ask your lawyer, have any plea
```

```
 1   offers been made by the Government that you have not in turn
 2   conveyed to your client?
 3           MR. WILSON:  No, Judge.  None have been offered
 4   that have not been relayed to Mr. McNair.
 5           THE COURT:  Do you have the filing required under
 6   Rule 13.05?
 7           MR. HAHN:  I do, Your Honor.
 8           THE COURT:  If you would give it to the clerk,
 9   please.  Are the ladies here family members of yours?
10           THE DEFENDANT:  No.
11           THE COURT:  No.  Okay.
12           We'll go off the record.  And, counsel, approach
13   the bench then.
14           (A discussion was held off the record.)
15           (PURSUANT TO LOCAL RULE 13.05, A BENCH CONFERENCE
16   WAS HELD ON THE RECORD AND PLACED UNDER SEAL, AFTER WHICH THE
17   FOLLOWING PROCEEDINGS CONTINUED IN OPEN COURT:)
18           THE COURT:  All right.  Mr. McNair, I see from the
19   plea agreement, as we discussed earlier, that the deal is
20   that in return for your plea of guilty to Count 1 that the
21   Government will dismiss Counts 2 and 3 at sentencing; is that
22   right?
23           THE DEFENDANT:  Yes.
24           THE COURT:  I'm going to turn over to page 7,
25   paragraph 7, "Waiver of Appeal and Post-Conviction Rights."
```

1   Subparagraph a(1) addresses the non-sentencing issues.  And
2   this provision states that by pleading guilty you are waiving
3   or giving up your right to bring an appeal in this case as to
4   the non-sentencing issues.  That is to everything that's
5   transpired in the case up to and through this guilty plea
6   hearing this afternoon, including the rulings on all of the
7   pretrial motions.  Do you agree with that then?
8            THE DEFENDANT:  Yes.
9            THE COURT:  Then the next subparagraph at the
10  bottom is subparagraph (2) which addresses the sentence
11  itself.  This says at the bottom of 7, top of 8 that by
12  pleading guilty and if I impose a sentence against you that's
13  within or below the Sentencing Guidelines range, if that
14  happens, then you will waive or give up your right to appeal
15  even the sentence itself.  Do you understand that?
16           THE DEFENDANT:  Yes.
17           THE COURT:  So the only thing you could appeal at
18  that point would be the determination about your criminal
19  history, that's your criminal record, and nothing else.  Do
20  you understand?
21           THE DEFENDANT:  Yes.
22           THE COURT:  Has your lawyer explained to you the
23  Sentencing Guidelines?
24           THE DEFENDANT:  Yes.
25           THE COURT:  That's all set out on pages 5, 6 and 7.

1  So you'll understand, after your plea I'll get with the
2  probation office, and we'll calculate the Sentencing
3  Guidelines by using your criminal history -- that's your
4  criminal record, in other words -- along with what we call
5  the total offense level for this offense.  Those are the two
6  factors that go into the calculation.  Do you understand?
7           THE DEFENDANT:  Yes.
8           THE COURT:  And then if you disagree with the
9  calculation, you'll be allowed to challenge that; okay?
10          THE DEFENDANT:  Yes.
11          THE COURT:  I see at the bottom of page 6 that the
12 parties do not have an estimate as to what the total offense
13 level is, but there is a notation, though, that if it's
14 determined that you are an armed career criminal -- and we
15 won't know that until we know what your criminal history is.
16 If it's determined that you're an armed career criminal, that
17 the Criminal History Category will be as high as Category 6,
18 which is the highest category.  And the total offense level
19 will be higher as well.  Do you understand all that too?
20          THE DEFENDANT:  Yes.
21          THE COURT:  And, again, your lawyer has explained
22 this to you?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Do you have any questions about that?
25          THE DEFENDANT:  No, sir.

1  THE COURT: I do need to explain to you, though,
2  that the Sentencing Guidelines are simply guidelines. And
3  by that I mean I can impose a sentence against you that's
4  above the guidelines or a sentence that's below the
5  guidelines. Do you understand that too?
6  THE DEFENDANT: Yes.
7  THE COURT: What I am bound by is the statutory
8  penalty. That's Paragraph 5 on page 5. For this offense
9  it's imprisonment of up to 10 years, a fine of up to $250,000
10 or a combination of imprisonment and fine. After your
11 release there would be a period of supervised release of up
12 to three years.
13 However, the next paragraph states that if it's
14 determined because of your criminal history that you are what
15 we call an armed career criminal, then you would be subject
16 to a mandatory minimum sentence of 15 years up to life. Do
17 you understand that too?
18 THE DEFENDANT: Yes.
19 THE COURT: And, again, we're not going to know
20 that until we know what your criminal history is. Do you
21 understand?
22 THE DEFENDANT: Yes.
23 THE COURT: So it may be either that you're subject
24 to imprisonment for up to 10 years. On the other hand, if
25 it's determined that you are an armed career criminal, you're

1  subject to a minimum of 15 years up to life.  Do you
2  understand that too?
3          THE DEFENDANT:  Yeah.
4          THE COURT:  So knowing that do you still wish to
5  plead guilty?
6          THE DEFENDANT:  Yes.
7          THE COURT:  Okay.  Now, I'm going to consider the
8  full range of punishment whether it's up to 10 years or
9  whether it's 15 to life, and then the sentence to be imposed
10 will be in my discretion within that range of punishment
11 whichever it is.  Do you understand that too?
12         THE DEFENDANT:  Yes.
13         THE COURT:  So with that in mind has anyone told
14 you or promised you what sentence you'll receive in the case?
15         THE DEFENDANT:  No, sir.
16         THE COURT:  All right.  I'll ask the prosecutor to
17 summarize the evidence the Government would prove if the case
18 were to go to trial.
19         MR. HAHN:  Thank you, Your Honor.
20         On February 25th, 2016, Mr. McNair Senior, this
21 Defendant, was present at a residence in Poplar Bluff, Butler
22 County, Missouri, and at that time he had been convicted of
23 three felony convictions that are listed in the plea
24 agreement and in the indictment.  Each of those convictions
25 carried a term of imprisonment exceeding one year.

1       While at the apartment, Mr. McNair, Senior, when he
2  was searched, there was found a 12-gauge Winchester shotgun
3  shell in a jacket pocket that was the jacket he was wearing.
4  That shotgun shell was later determined to have traveled into
5  the State of Missouri from either the State of Illinois or
6  State of Mississippi.  In other words, it had traveled in
7  interstate commerce before arriving here.
8       And as of that date on February 25th, 2016, here in
9  Butler County, here in the Eastern District of Missouri
10 Mr. McNair, Senior, knowingly possessed that shotgun shell as
11 a convicted felon.
12      THE COURT:  All right.  Have you heard the
13 statements from the prosecutor?
14      THE DEFENDANT:  Yes.
15      THE COURT:  Is everything he said true and correct?
16      THE DEFENDANT:  Yes.
17      THE COURT:  Do you admit that you did all those
18 acts that he described?
19      THE DEFENDANT:  Yes.
20      THE COURT:  There's no question about it, is there?
21      THE DEFENDANT:  None.
22      THE COURT:  I'm going to take -- and, again, you've
23 read pages -- all the facts set out on pages 3 and 4; right?
24      THE DEFENDANT:  Yes.
25      THE COURT:  And everything in those facts is true

```
 1   and correct; is that right?
 2           THE DEFENDANT:  Yes.
 3           MR. WILSON:  The Judge wants to know have you read
 4   this and it's true and correct?
 5           THE DEFENDANT:  Yes.
 6           THE COURT:  Okay.  I'm going to go through the
 7   elements with you specifically.  That's on page 2,
 8   Paragraph 3.  Do you admit that you have been convicted of a
 9   crime punishable by imprisonment for a term exceeding one
10   year?  That's a felony, in other words.  Thereafter, you
11   knowingly possessed ammunition that had been transported
12   across the state line at sometime before that.  Do you admit
13   all that as well?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Are you pleaing guilty then because you
16   are guilty?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Based on your sworn testimony, the
19   Court finds that you are competent to enter the plea of
20   guilty, that you're doing so freely, knowingly and
21   voluntarily.  Further, that you have admitted the essential
22   elements of the crime charged in Count 1.  Therefore, I find
23   you guilty as charged in Count 1.
24           I accept the plea agreement.  I order a
25   presentence investigation.
```

1    Your sentencing date will be Tuesday, May 15th at
2 2:20 p.m., and you need to speak with the probation office to
3 begin the preparation of the presentence report.  Do you
4 have any questions?
5         THE DEFENDANT:  No, sir.
6         THE COURT:  All right.  Anything further from the
7 Government?
8         MR. HAHN:  No, Your Honor.
9         THE COURT:  For the Defendant?
10        MR. WILSON:  Judge, that was Tuesday, May 15 at
11 2:00 p.m.?
12        THE COURT:  2:20.
13        MR. WILSON:  2:20?
14        THE COURT:  Uh-huh.
15        MR. WILSON:  Thank you.  Nothing further, Judge.
16        THE COURT:  I'll see you back here at that date and
17 time.
18        (PROCEEDINGS CONCLUDED AT 2:29 P.M.)

```
 1                    C E R T I F I C A T E

 2

 3           I, Alison M. Garagnani, Registered Merit Reporter

 4   and Certified Realtime Reporter, hereby certify that I am a

 5   duly appointed Official Court Reporter of the United States

 6   District Court for the Eastern District of Missouri.

 7           I further certify that the foregoing is a true and

 8   accurate transcript of the proceedings held in the

 9   above-entitled case and that said transcript is a true and

10   correct transcription of my stenographic notes.

11           I further certify that this transcript contains

12   pages 1 through 19 inclusive and that this reporter takes no

13   responsibility for missing or damaged pages of this

14   transcript when same transcript is copied by any party other

15   than this reporter.

16           Dated Cape Girardeau, Missouri, this 14th day of

17   May, 2021.

18

19
     _____
20   /s/Alison M. Garagnani
     Alison M. Garagnani, CCR, CSR, RMR.
21   Official Court Reporter

22

23

24

25
```